UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ERIC B. RESNICK,** | ) | CASE NO. 1:05CV1721 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **HONORABLE JOHN T. PATTON, etc.,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO. J.:**

    This matter comes before the Court upon Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) of the Federal Rules of Civil Procedure. Since no opposition brief has been filed, and for the reasons that follow, Defendant's Motion to Dismiss is well-taken and granted.

**I. FACTUAL BACKGROUND**

    The Complaint, filed by Eric B. Resnick on July 5, 2005, alleges that Judge John T. Patton, while presiding over a civil trial in the Court of Common Pleas for Cuyahoga County, Ohio, refused to allow Resnick, a freelance journalist, access to court documents without a

hearing; and thereby, deprived him and the public of their constitutionally protected right of free access to the courts and their right to Due Process as guaranteed by the First Amendment of the U.S. Constitution.  Accordingly, Resnick prays for a declaratory judgment that Judge Patton's alleged refusal to permit him to examine the requested matters violated his constitutional rights.

Judge Patton was designated to preside over the civil trial of *Russell Rich v. McDonald's Corporation* ( Case No. 98-CV-368481) in Cuyahoga County Common Pleas Court.  When the trial commenced, Judge Patton cautioned the parties and their counsel against making extrajudicial public statements about the case.  That admonition notwithstanding, various print reporters and television cameras were permitted in the courtroom during the proceedings.  (Complaint at par. 8).  Resnick alleges that a number of evidentiary motions were filed on the eve of trial, which commenced on June 20, 2005. He asked Judge Patton's bailiff to see the motions as well as another judge's denial of a motion for sanctions.  Judge Patton's response, communicated through his bailiff, was: "Not at this time."  Subsequently, Resnick repeated his request in a note which he left by the bailiff's phone.  When his requests continued to be denied, Resnick went to the Administrative Judge, who wrote a note directing that Resnick be allowed to review the documents during the lunch hour; but adding that the papers could not be removed from the court.  Allegedly, Judge Patton himself denied that request saying: "Those are just for the jury."  Following the July Fourth holiday, Resnick filed the instant lawsuit.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

#### MOTION TO DISMISS

When the defendant contends that the court lacks subject matter jurisdiction over a complaint pursuant to Fed. R. Civ. P. 12(b)(1), all the allegations in the complaint must still be taken as true.  *Nichols v. Muskingum College*, 318 F. 3d 674, 677 (6th Cir. 2003).

Likewise, when determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept all of the factual allegations as true, and decide whether the plaintiff can prove a set of facts that would entitle him to relief.  *Bovee v. Coopers & Lybrand C.P.A.*, 272 F. 3d 356, 360 (6th Cir. 2001).  The Court need not accept legal conclusions or unwarranted factual inferences as true.  See *Mixon v. Ohio*, 193 F. 3d 389 (6th Cir. 1999).

#### DECLARATORY JUDGMENT

28 U. S. C. § 2201(a) authorizes actions for declaratory relief and provides that "[i]n a case of actual controversy within its jurisdiction, * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  The United States Supreme Court has consistently emphasized that the Declaratory Judgment Act is discretionary in nature – that courts are authorized, but not necessarily required, to grant declaratory relief.  See, for example, *Public Affairs Press v. Rickover*, 369 U.S. 111, 112 (1962).  28 U. S. C. § 2201(a) "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant."  *Green v. Mansour*, 474 U.S. 64, 72 (1985)

(quoting *Public Serv. Comm'n. v. Wycoff Co.*, 344 U.S. 237, 241 (1952)).

Article III of the United States Constitution confines the authority of the federal courts to the adjudication of actual cases and controversies. *National Rifle Assn. of America v. Magaw*, 132 F. 3d 272, 279 (6th Cir. 1997).  Further, "Article III standing requires a litigant to have suffered an injury-in-fact, fairly traceable to the defendant's allegedly unlawful conduct, and likely to be redressed by the requested relief." *Magaw, supra*.  Where the injury is in the past, and where the threat of repeated or future injury is speculative, the plaintiff does not have the standing necessary to obtain declaratory relief. *Grendell v. Ohio Supreme Court*, 252 F. 3d 828, 833 (6th Cir. 2001).  The Sixth Circuit Court of Appeals applies two criteria when deciding whether declaratory relief is appropriate:

> The two principal criteria guiding the policy in favor of rendering declaratory judgment are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

*Allstate Ins. Co. v. Mercier*, 913 F. 2d 273, 277 (6th Cir. 1990).

Applying these standards, factors and criteria to the instant matter, and accepting all of plaintiff's allegations as true, Resnick is not entitled to the declaratory relief he requests.

The state court trial of *Rich v. McDonald's Corporation* is concluded.  The jury returned a verdict on July 7, 2005; and, in addition, the proceedings are a matter of public record available on the Cuyahoga County Common Pleas Clerk of Court's website.

Resnick concedes that he and other members of the print and electronic media were present throughout the trial proceedings.  (Complaint at par. 8).  Thus, there was no denial of the qualified right of access under the First Amendment to attend public court proceedings.

Resnick claims, instead, that he was prohibited access to court documents, such as pre-trial motions.  In *Nixon v. Warner Communications, Inc*., 435 U.S. 589 (1978), the United States Supreme Court acknowledged a qualified, common-law right of access to judicial records, but noted:

> [T]he right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. * * * [T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.
>
> *Id.* at 598-599.

Resnick was only prohibited from viewing the motion documents while  Judge Patton continued to exercise his discretion and judgment in ruling on the admissibility of evidence for the jury's consideration.   There is no existing actual case or controversy, nor was there a denial of Plaintiff's constitutional rights.  Without a legitimate case or controversy, the Plaintiff is truly asking this Court to render an advisory opinion, which federal courts are not empowered to do.  *Golden v. Zwickler*, 394 U.S. 103 (1969).

Even assuming that the denial of Plaintiff's immediate access to court records constituted an injury-in-fact, that past injury does not establish a viable "case or controversy" between Resnick and Judge Patton.  Furthermore, the likelihood that the same injury will be repeated is speculative at best.  Therefore, Resnick is without standing to bring a complaint for declaratory relief.

The issuance of declaratory judgment relief here would not "serve a useful purpose in clarifying and settling the legal relations in issue."  For this Court to interject itself into this matter would only generate friction between state and federal courts.  The state court is more

than capable of controlling its proceedings, maintaining its records, and determining the admissibility of evidence at trial. The principles of federalism and comity militate against rendering a declaratory judgment on Resnick's Complaint.

### III CONCLUSION

Based upon a thorough review of the arguments and applicable law, this Court finds that there is no actual case or controversy presented by the allegations of the Complaint; that the Plaintiff, Eric B. Resnick, lacks standing; and that there is no justification for the issuance of a Declaratory Judgment. Therefore, Defendant's unopposed Motion to Dismiss (ECF DKT # 10) is granted.

**IT IS SO ORDERED**.

DATE: _1/03/06_____

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)